UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. 4:22-CR-271-Y |
| | § | |
| DAVID EARL BOYD (1) | § | |

## ORDER SETTING CONDITIONS OF SUPERVISED RELEASE

The defendant, while on supervised release, shall comply with the standard conditions recommended by the U. S. Sentencing Commission at §5D1.3(c) of the U. S. Sentencing Commission Guidelines Manual and shall:

not commit another federal, state, or local crime;

not possess illegal controlled substances;

not possess a firearm, destructive device, or other dangerous weapon;

cooperate in the collection of DNA as directed by the probation officer, as authorized by the Justice for All Act of 2004;

report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Federal Bureau of Prisons;

take notice that the mandatory drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse;

comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which the defendant resides, works, is a student, or was convicted of a qualifying offense;

have no contact with the victim(s), including correspondence, telephone contact, or communication through third parties except under circumstances approved in advance by the probation officer and not enter onto the premises, travel past, or loiter near the victims' residences, places of employment, or other places frequented by the victims;

have no contact with minors under the age of 18, including by correspondence, telephone, internet, electronic communication, or communication through third parties, with the exception of the defendant's own children. The defendant's contact with his children will be limited to occasions when the probation officer is informed in advance of the defendant's intent to have that contact and the probation officer approves it. The defendant shall not have access to or loiter near school grounds, parks, arcades, playgrounds, amusement parks or other places where children may frequently congregate, except as may be allowed upon advance approval by the probation officer;

not use any computer other than the one the defendant is authorized to use without prior approval from the probation officer;

participate and comply with the requirements of the Computer and Internet Monitoring Program, contributing to the cost of the monitoring in an amount not to exceed $40 per month. The defendant shall consent to the probation officer's conducting ongoing monitoring of his computer/computers. The monitoring may include the installation of hardware and/or software systems that allow evaluation of computer use. The defendant shall not remove, tamper with, reverse engineer, or circumvent the software in any way. The defendant shall only use authorized computer systems that are compatible with the software and/or hardware used by the Computer and Internet Monitoring Program. The defendant shall permit the probation officer to conduct a preliminary computer search prior to the installation of software. At the discretion of the probation officer, the monitoring software may be disabled or removed at any time during the term of supervision;

not use any software program or device designed to hide, alter, or delete records and/or logs of the defendant's computer use, Internet activities, or files stored on the defendant's computer;

submit to periodic, unannounced examinations of his computer/computers, storage media, and/or other electronic or internet-capable devices, performed by the probation officer at reasonable times and in a reasonable manner based on reasonable suspicion of contraband evidence of a violation of supervision. This may include the retrieval and copying of any prohibited data and/or the removal of such system for the purpose of conducting a more thorough inspection. The defendant shall provide written authorization for release of information from the defendant's internet service provider;

not possess, have access to, or utilize a computer or internet connection device, including, but not limited to Xbox, PlayStation, Nintendo, or similar device, without permission of the probation officer. This condition requires preapproval for categories of computer or internet access or use; it does not require separate pre-use approval every time the defendant accesses or uses a computer or the internet;

participate in outpatient mental-health treatment services as directed by the probation officer until successfully discharged, which services may include prescribed medications by a licensed physician, with the defendant contributing to the costs of services rendered (copayment) at a rate of at least $25 per month;

neither possess nor have under his control any pornographic matter or any matter that sexually depicts minors under the age of 18 including, but not limited to, matter obtained through access to any computer and any matter linked to computer access or use;

participate in sex-offender treatment services as directed by the probation officer until successfully discharged, which services may include psycho-physiological testing to monitor the defendant's compliance, treatment progress, and risk to the community, contributing to the costs of services rendered (copayment) at the rate of at least $25 per month;

pay any remaining balance of restitution in the amount of $45,000, as set out in the Judgment; and

provide to the probation officer complete access to all business and personal financial information.

DEFENDANT'S ACKNOWLEDGMENT OF RECEIPT

    I acknowledge receipt of and I have retained a copy of this order setting my conditions of supervised release. I understand them and I waive the reading of them in open court. I agree to be bound by them and subject to revocation for violation of any of them.

_____
DAVID EARL BOYD (2), Defendant


_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

Signed June 27, 2023.