# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### Fort Worth Division

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | Case Number: 4:22-CR-271-Y(1) |
| | Aisha Saleem, assistant U.S. attorney |
| DAVID EARL BOYD | John J. Stickney, attorney for the defendant |

On February 23, 2023, the defendant, David Earl Boyd, was found guilty by a jury on counts one, two, three, and four of the four-count indictment. Accordingly, the defendant is adjudged guilty of such counts, which involve the following offenses:

| **TITLE & SECTION** | **NATURE OF OFFENSE** | **OFFENSE CONCLUDED** | **COUNT** |
|---|---|---|---|
| 18 U.S.C. § 2251(a) | Exploitation of Children | May 2, 2022 | 1 |
| 18 U.S.C. § 2251(a) | Exploitation of Children | May 2, 2022 | 2 |
| 18 U.S.C. § 2252A(a)(5)(B) | Possession of Child Pornography | March 28, 2022 | 3 |
| 18 U.S.C. § 2260A | Penalties for Registered Sex Offenders | May 2, 2022 | 4 |

The defendant is sentenced as provided in pages two through four of this judgment. The sentence is imposed under Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission under Title 28, United States Code § 994(a)(1), as advisory only.

The Court concludes that the defendant is indigent and the $5,000 assessment required under 18 U.S.C. § 3014 for counts one, two, and three of the four-count indictment should be, and it is, waived.

The Court concludes that the defendant does not have the current financial resources or future earning capacity to pay an assessment under 18 U.S.C. § 2259A (The Amy, Vicky, and Andy Act). Thus, the assessment for counts one, two, and three of the four-count indictment shall be $0, per count.

The defendant shall pay immediately a special assessment of $400.00 for counts one, two, three, and four of the four-count indictment.

The defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Sentence imposed June 27, 2023.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

Signed June 28, 2022.

# IMPRISONMENT

The defendant, David Earl Boyd, is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of Life as to each of counts one and two of the four-count indictment; and 240 months as to count three of the four-count indictment, all to run concurrently; and 120 months as to count four of the four-count indictment, to run consecutively, for a total of Life plus 120 months.

The defendant is remanded to the custody of the United States marshal.

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 10 years per count as to counts one, two, and three of the four-count indictment; and 3 years as to count four of the four-count indictment, all terms to run concurrently, for a total of 10 years of supervised release.

The defendant, while on supervised release, shall comply with the standard conditions recommended by the U. S. Sentencing Commission at §5D1.3(c) of the United States Sentencing Commission Guidelines Manual, and shall:

not commit another federal, state, or local crime;

not possess illegal controlled substances;

not possess a firearm, destructive device, or other dangerous weapon;

cooperate in the collection of DNA as directed by the probation officer, as authorized by the Justice for All Act of 2004;

report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Federal Bureau of Prisons;

take notice that the mandatory drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse;

comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which the defendant resides, works, is a student, or was convicted of a qualifying offense;

have no contact with the victim(s), including correspondence, telephone contact, or communication through third parties except under circumstances approved in advance by the probation officer and not enter onto the premises, travel past, or loiter near the victims' residences, places of employment, or other places frequented by the victims;

have no contact with minors under the age of 18, including by correspondence, telephone, internet, electronic communication, or communication through third parties, with the exception of the defendant's own children. The defendant's contact with his children will be limited to occasions when the probation officer is informed in advance of the defendant's intent to have that contact and the probation officer approves it. The defendant shall not have access to or loiter near school grounds, parks, arcades, playgrounds, amusement parks or other places where children may frequently congregate, except as may be allowed upon advance approval by the probation officer;

not use any computer other than the one the defendant is authorized to use without prior approval from the probation officer;

participate and comply with the requirements of the Computer and Internet Monitoring Program, contributing to the cost of the monitoring in an amount not to exceed $40 per month. The defendant shall consent to the probation officer's conducting ongoing monitoring of his computer/computers. The monitoring may include the installation of hardware and/or software systems that allow evaluation of computer use. The defendant shall not remove, tamper with, reverse engineer, or circumvent the software in any way. The defendant shall only use authorized computer systems that are compatible with the software and/or hardware used by the Computer and Internet Monitoring Program. The defendant shall permit the probation officer to conduct a preliminary computer search prior to the installation of software. At the discretion of the probation officer, the monitoring software may be disabled or removed at any time during the term of supervision;

not use any software program or device designed to hide, alter, or delete records and/or logs of the defendant's computer use, internet activities, or files stored on the defendant's computer;

submit to periodic, unannounced examinations of his computer/computers, storage media, and/or other electronic or internet-capable devices, performed by the probation officer at reasonable times and in a reasonable manner based on reasonable suspicion of contraband evidence of a violation of supervision. This may include the retrieval and copying of any prohibited data and/or the removal of such system for the purpose of conducting a more thorough inspection. The defendant shall provide written authorization for release of information from the defendant's internet service provider;

not possess, have access to, or utilize a computer or internet connection device, including, but not limited to Xbox, PlayStation, Nintendo, or similar device, without permission of the probation officer. This condition requires preapproval for categories of computer or internet access or use; it does not require separate pre-use approval every time the defendant accesses or uses a computer or the internet;

participate in outpatient mental-health treatment services as directed by the probation officer until successfully discharged, which services may include prescribed medications by a licensed physician, with the defendant contributing to the costs of services rendered (copayment) at a rate of at least $25 per month;

neither possess nor have under his control any pornographic matter or any matter that sexually depicts minors under the age of 18 including, but not limited to, matter obtained through access to any computer and any matter linked to computer access or use;

participate in sex-offender treatment services as directed by the probation officer until successfully discharged, which services may include psycho-physiological testing to monitor the defendant's compliance, treatment progress, and risk to the community, contributing to the costs of services rendered (copayment) at the rate of at least $25 per month;

pay any remaining balance of restitution in the amount of $45,000.00, as set out in the Judgment; and

provide to the probation officer complete access to all business and personal financial information.

## FINE/RESTITUTION

The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine or costs of incarceration.

The defendant is ordered to make restitution, in the amount of $45,000.00.  Restitution shall be paid to the U. S. District clerk, 501 West 10th Street, Room 310, Fort Worth, TX 76102-3673, for disbursement to:

Restore the Child in Trust for "April"  
Restore the Child, PLLC  
2552 North Proctor Street, Suite 85  
Tacoma, Washington 98406  
$5,000.00  
ATTN: April

Deborah A. Bianco, in trust for "Maureen"  
P.O. Box 6503  
Bellevue, Washington 98008  
$10,000.00  
ATTN: Maureen

Deborah A. Bianco, in trust for "Pia"  
P.O. Box 6503  
Bellevue, Washington 98008  
$5,000.00  
ATTN: Pia

Deborah A. Bianco, in trust for "Mya"  
P.O. Box 6503  
Bellevue, Washington 98008  
$5,000.00  
ATTN: Mya

Deborah A. Bianco, in trust for "Ava"  
P.O. Box 6503  
Bellevue, Washington 98008  
$5,000.00  
ATTN: Ava

Deborah A. Bianco, in trust for "Jack"  
P.O. Box 6503  
Bellevue, Washington 98008  
$5,000.00  
ATTN: Jack

Deborah A. Bianco, in trust for "Kauzie"  
P.O. Box 6503  
Bellevue, Washington 98008  
$5,000.00  
ATTN: Kauzie

Tanya Hankins in Trust for "John Doe 4" of the 8 Kids Series  
P.O. Box 1091,  
Tacoma, Washington 98401  
$5,000.00  
ATTN: 8 Kids Series

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
United States marshal

BY _____
deputy marshal